1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DERRICK WILLIAMS,                    No. 2:21–cv–1141–JAM–KJN PS

12                 Plaintiff,             ORDER GRANTING IFP REQUEST;
                                          FINDINGS AND RECOMMENDATIONS TO
13        v.                              DISMISS

14   BANK OF AMERICA, et al.,             (ECF Nos. 1, 2.)

15                 Defendants.

16

17        Plaintiff, who is proceeding without counsel in this action, requested leave to proceed in

18   forma pauperis ("IFP").[1]  See 28 U.S.C. § 1915 (authorizing the commencement of an action

19   "without prepayment of fees or security" by a person unable to pay such fees).  Plaintiff's

20   affidavit makes the required showing, and so the request to proceed IFP is granted.

21        The determination a plaintiff may proceed in forma pauperis does not complete the

22   required inquiry.  Under Section 1915, the court is required to dismiss the claims if the action is

23   frivolous or malicious, if the complaint fails to state a claim on which relief may be granted, or

24   plaintiff seeks monetary relief against an immune defendant.  Further, federal courts have an

25   independent duty to ensure that federal subject matter jurisdiction exists.  See United Investors

26   Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

27   _____

28   [1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to
     E.D. Cal. L.R. 302(c)(21).  See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

                                              1

**Legal Standards**

Rule 8(a) of the Federal Rules of Civil Procedure requires a pleading be "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Rule 12(b)(6) allows for dismissal because of the complaint's "failure to state a claim upon which relief can be granted." A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Simply, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & fn. 7 (9th Cir. 2010). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

**Analysis**

Here, plaintiff's complaint asserts that certain employees of Bank of America froze an account set up to facilitate plaintiff's unemployment benefits. (See ECF No. 1 at 1-2.) The circumstances are unclear, but the freeze appears related to bank employees' assertions that they could not verify plaintiff's identity, despite plaintiff's efforts. (Id.) Bank employees also allegedly refused to provide plaintiff with documentation about the freeze or about any "banking administrative procedures." (Id.) An agent at California's Employment Development Department told plaintiff that EDD would "submit a request" to correct any errors. (Id. at 2-3.)

After some initial delay, it appears EDD transferred plaintiff's funds to Bank of America, but the bank has yet to unfreeze plaintiff's account. (Id.) Plaintiff's complaint makes reference to 42 U.S.C. Section 1983 (individual and official capacity), racial discrimination, due process, a "right to redress for grievance," and unspecified "U.S. Department of Labor guidelines." (See, generally, id.) Plaintiff names as defendants Bank of America and 8 named officers and employees thereof (as well as the unnamed board of directors of the bank), the Governor of California, the Employment Development Department of California, and five directors and employees of the State. (Id. at 1.) Plaintiff does not explicitly declare what relief he seeks. (See id.)

Liberally construed, plaintiff appears to assert claims under Section 1983 for alleged violations of his civil rights. Title 42 U.S.C. Section 1983 provides a cause of action for the deprivation of "rights, privileges, or immunities secured by the Constitution or laws of the United States" against a person acting "under color of any statute, ordinance, regulation, custom, or usage." Gomez v. Toledo, 446 U.S. 635, 639 (1980). "Section 1983 is not itself a source of substantive rights; rather it provides a method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 393–94 (1989). Thus, to state a claim for relief under Section 1983, a plaintiff must allege that each defendant (1) acted under color of state law; and (2) caused a plaintiff to be deprived of a right secured by the Constitution or laws of the United States. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009).

Here, plaintiff's complaint can be divided into two subsets: claims against (A) California

departments and employees; and (B) Bank of America and its agents/employees.

### A. Government Departments and Employees

Section 1983 generally allows for claims against government departments and employees thereof for alleged violations of a person's civil rights, including a person's right to equal protection and due process of law under the Fourteenth Amendment. <u>See</u> <u>Nurre</u>, 580 F.3d at 1092 (noting "government official[s]" generally act under color of state law for purposes of Section 1983 claims). Here, assuming for the sake of argument that a due process or equal protection claim could be had against the EDD or its agents/employees, plaintiff's claims against these defendants fail for a lack of causation.

An officer "causes" a constitutional deprivation when he or she (1) "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he [or she] is legally required to do that causes the deprivation"; or (2) "set[s] in motion a series of acts by others which the [defendant] knows or reasonably should know would cause others to inflict the constitutional injury." <u>Lacey v. Maricopa Cty.</u>, 693 F.3d 896, 915 (9th Cir. 2012) (quoting <u>Johnson v. Duffy</u>, 588 F.2d 740, 743-44 (9th Cir. 1978)). The causation inquiry "must be <u>individualized</u> and focus on the duties and responsibilities of <u>each</u> individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1988) (emphasis added).

Here, plaintiff's complaint contains enough factual information for the court to determine that no government official acted to cause plaintiff's alleged deprivation. Plaintiff alleges that after some delay, the EDD employees with whom he spoke eventually corrected any errors within the department and informed plaintiff that any difficulty in obtaining benefits lay with the bank. (<u>See</u> ECF No. 1 at 3.) Thus, any claims against the state defendants necessarily fail for lack of individualized causation. <u>Leer</u>, 844 F.2d at 633.

### B. Bank of America and Employees/Agents Thereof

Although plaintiff asserts federal claims under 42 U.S.C. Section 1983 against the bank and its employees/agents, any such civil-rights claims necessarily fail for one simple reason. Such claims generally cannot lie against private individuals or business entities that do not act

under color of state law.  <u>Franklin v. Fox</u>, 312 F.3d 423, 444 (9th Cir. 2002); <u>Am. Mfrs. Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 50 (1999) (noting there is no right to be free from the infliction of constitutional deprivations by private parties, "no matter how discriminatory or wrong").

There are exceptions to this general prohibition, and though plaintiff makes no assertion as to any, a review of the allowable tests shows they do not apply here.  <u>See</u> <u>Franklin</u>, 312 F.3d at 445 (outlining four potential tests: (1) the public function test, (2) the joint action test, (3) the state compulsion test, or (4) the governmental nexus test).  Under the public function test, "the performance of a public function [results] in state action" where the function is "traditionally [] the exclusive prerogative of the state."  <u>Parks Sch. of Bus., Inc. v. Symington</u>, 51 F.3d 1480, 1486 (9th Cir. 1995).  However, a state's contracting with a private entity for the provision of publicly-funded benefits has been found insufficient.  <u>See, e.g.</u>, <u>Quinones v. UnitedHealth Group Inc.</u>, 2015 WL 4523499, at *2-5 (D. Haw. July 14, 2015) (dismissing Section 1983 claim against private insurer administering benefit plan pursuant to a State Medicaid contract, reasoning that "[i]f contracting, funding, and regulating was sufficient to create state action, nearly every government contract would produce the possibility of § 1983 liability against the government contractor"); <u>Perez-Morciglio v. Las Vegas Metro. Police Dep't</u>, 820 F. Supp. 2d 1100, 1106 (D. Nev. 2011) (providing examples such as "holding elections, governing a town, or serving as an international peacekeeping force" to be those "traditionally exclusively the State's prerogative").  Under the joint action test, the state must have "so far insinuated itself into a position of interdependence with [the private entity] that it must be recognized as a joint participant in the challenged activity."  <u>Parks</u>, 51 F.3d at 1486 (noting joint action exists where "the state knowingly accepts the benefits derived from unconstitutional behavior").  Here, however, EDD has not accepted any benefits derived from the bank's actions, and appears to have attempted to work with plaintiff to correct any error on the bank's part.  This same rationale cuts against the state-compulsion and government-nexus tests, as plaintiff alleges no state regulation or policy compelling the bank to act as it allegedly did, nor any sufficient nexus between the bank's acts and EDD.  <u>See</u> <u>Parks</u>, 51 F.3d at 1486 (noting "the state compulsion test considers whether some state regulation or policy compelled the offensive action," and the nexus test considers the state's

5

participation in the alleged deprivation).

**Leave to Amend**

Ordinarily, the court liberally grants plaintiffs leave to amend when their complaints are deficient. However, because plaintiff's complaint provides enough facts to demonstrate he would be unable to cure the above-mentioned deficiencies of any of his civil rights claims through further amendment, the undersigned concludes that granting leave to amend would be futile. Cahill, 80 F.3d at 339.

## ORDER AND RECOMMENDATIONS

Accordingly, IT IS HEREBY ORDERED that plaintiff's IFP application is GRANTED. Further, it is RECOMMENDED that this action be DISMISSED WITHOUT LEAVE TO AMEND, and the Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: July 6, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

will.1141

6